MELINDA L. HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

JOSEPH FAZIOLI (ILBN 6273413)
Assistant United States Attorney

   150 Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-5595
   Facsimile: (408) 535-5066
   joseph.fazioli@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>                                   )<br>      Plaintiff,     )<br>                                   )<br>   v.                    )<br>                                   )<br>THOMAS JOSEPH O'MEARA, )<br>                                   )<br>      Defendant.   )<br>                                   ) | No. CR 10-00562 LHK<br><br>STATUS REPORT REGARDING RESTITUTION; STIPULATION AND [~~PROPOSED~~] ORDER CONTINUING RESTITUTION HEARING |

      On December 5, 2012, this Court sentenced defendant to 78 months imprisonment and scheduled a hearing on the issue of restitution on February 6, 2013.  (PACER CR 72).  On December 11, 2012, this Court issued a judgment which stated that the defendant must pay restitution in an amount to be determined, that the determination of restitution was deferred until February 6, 2013, and that an amended judgment in a criminal case would be entered after such determination.  (CR 73).  The government, defense, and probation officer now jointly request that the restitution hearing in this matter be continued until April 3, 2013.  For the reasons summarized below, all parties believe that the additional time that would result from continuing the restitution hearing to April 3, 2013 would facilitate a more accurate determination of the

1  appropriate restitution amount in this case.

2        The defendant's offense conduct related to over 50 victim-investors who invested over
3  $16 million in his golf course development project.  At the December 7, 2012 sentencing
4  hearing, the parties discussed how the defendant may be entitled to an offset in restitution for
5  particular victim-investors based upon payments (either in the form of interest payments,
6  repayment of principal, or interest in secured property) he and his affiliated entities made to those
7  investors.  Those payments could be consisted an offset against restitution for which the
8  defendant should receive credit, thus resulting an restitution award for particular victim-investors
9  that would be lower than the amount of their original investment.

10       Since sentencing the parties and the probation officer have met and conferred repeatedly
11 and extensively regarding restitution.  Progress has been made regarding the appropriate amount
12 of restitution in this case.  For example, the amounts that each of the various 50+ victim-
13 investors invested is generally no longer in dispute.  And for over half of those 50+ victim-
14 investors, the restitution offset question is not an issue either because (1) it is undisputed that the
15 victim-investor received no payments from the defendant; and/or (2) the amount of the restitution
16 offset for that particular victim-investor is no longer is dispute.  However, for at approximately
17 20 victim-investors there is some dispute between the parties in terms of how much restitution
18 offset the defendant should be entitled for each of these victims.  This process of determining the
19 restitution offsets for these disputed victim-investors has been complicated somewhat by (1) the
20 amount of the discovery in this case; (2) the fact that several of the proposed offsets are in the
21 form of property the defendant provided victim-investors, thus requiring property valuations; and
22 (3) the fact that several victims for which the offsets are in dispute did not submit victim impact
23 statements and/or have been difficult to contact.

24       In an effort to resolve the remaining disputes regarding the correct amount of restitution
25 offsets for the individual victim-investors, the government case agents are in the process of
26 pulling together to pull the various individual checks (previously provided in discovery) which
27 document payments from the defendant and his affiliates entities to each of these victim-
28 investors.  Once the government collects and itemizes these materials, it will provide them (along

STIPULATION AND [PROPOSED] ORDER
CR 10-00562 LHK

with a summary of the payments for each investors) to the defense and the probation department. After the government has completed this process, it will attempt to notify each of the victim-investors directly regarding what the government considers the correct restitution amounts to be (including specifying their original investment amount and any restitution offsets), sufficiently ahead of the next hearing on restitution in order to allow them an opportunity to communicate any objections.

In addition to the parties requiring additional time to document the restitution offsets and notify the victim-investors as detailed above, undersigned government counsel's availability for a 2-3 week period starting on February 25, 2013 will be significantly limited due to his participation in bankruptcy fraud trial before Judge Davila.

In light of the above, the government, defendant, and probation officer all jointly request that the restitution hearing in this matter be continued until April 3, 2013.  The April 3, 2013 date proposed by the parties is outside the 90 day post-sentencing deadline for the determination of restitution put forward in 18 U.S.C. § 3664(d)(5).  (The 90th day after sentencing would be Tuesday, March 5, 2013).  However, both the Supreme Court and the Ninth Circuit have both ruled that the 90 day limit on the determination of victims losses in 18 U.S.C. § 3664(d)(5) is procedural rather than jurisdictional, and that a district court judge still has the power to impose a restitution award more than 90 days after sentencing.  See <u>Dolan v. United States</u>, 130 S.Ct. 2533 (2010); <u>United States v. Moreland</u>.  622 F.3d 1147, 1172 (9th Cir, 2010).  Furthermore, the defendant is stipulating a continuance beyond the 90 days deadline is appropriate and agrees not to raise any challenge to his restitution order based on that deadline.

In light of the above, the parties agree, and the Court finds and holds, as follows:

1. The current February 6, 2013 restitution hearing date is hereby vacated.

STIPULATION AND [PROPOSED] ORDER
CR 10-00562 LHK

2. This matter is set for a hearing for determination of restitution for April 3, 2013 at 9 a.m.

SO STIPULATED:

DATED:    2/4/13                            /s/
                                   JEANE DEKELVER
                                   Defense Counsel

DATED:    2/2/13                            /s/
                                   JOSEPH FAZIOLI
                                   Assistant United States Attorney

IT IS SO ORDERED.

DATED:  2/5/13                   _____
                                   LUCY H. KOH
                                   UNITED STATES DISTRICT JUDGE

STIPULATION AND [~~PROPOSED~~] ORDER
CR 10-00562 LHK