MELINDA L. HAAG (CABN 132612)
United States Attorney

MIRANDA KANE (CABN 150630)
Chief, Criminal Division

JOSEPH FAZIOLI (ILBN 6273413)
Assistant United States Attorney

150 Almaden Boulevard, Suite 900
San Jose, California 95113
Telephone: (408) 535-5595
Facsimile: (408) 535-5066
joseph.fazioli@usdoj.gov

Attorneys for the United States

Filed

MAR 2 6 2013

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS JOSEPH O'MEARA,<br><br>Defendant. | No. CR 10-00562 LHK<br><br>STATUS REPORT REGARDING RESTITUTION; STIPULATION AND [PROPOSED] ORDER CONTINUING RESTITUTION HEARING THREE WEEKS TO APRIL 24, 2013 |

On December 5, 2012, this Court sentenced defendant to 78 months imprisonment and scheduled a hearing on the issue of restitution on February 6, 2013. (PACER CR 72). On December 11, 2012, this Court issued a judgment which stated that the defendant must pay restitution in an amount to be determined, that the determination of restitution was deferred until February 6, 2013, and that an amended judgment in a criminal case would be entered after such determination. (CR 73). On February 5, 2013, this Court signed a stipulation jointly proposed by the government, the defense, and the probation officer seeking to reschedule the restitution hearing until April 3, 2013 in order to allow the parties an additional opportunity to meet and confer regarding te appropriate amount of restitution in this case. (CR 77). For reasons detailed

STIPULATION AND [PROPOSED] ORDER
CR 10-00562 LHK

below, the government, defense, and probation officer now jointly request that the restitution hearing in this matter be continued an additional three weeks until April 24, 2013. For the reasons summarized below, all parties believe that the additional time that would result from continuing the restitution hearing an additional three weeks would (1) facilitate a more accurate determination of the appropriate restitution amount in this case, while also (2) providing the victim-investors an full opportunity to register any objections to the potential restitution amounts.

The defendant's offense conduct related to over 50 victim-investors who invested over $16 million in his golf course development project. At the December 7, 2012 sentencing hearing, the parties discussed how the defendant may be entitled to an offset in restitution for particular victim-investors based upon payments (either in the form of interest payments, repayment of principal, or interest in secured property) he and his affiliated entities made to those investors. Those payments could be consisted an offset against restitution for which the defendant should receive credit, thus resulting an restitution award for particular victim-investors that would be lower than the amount of their original investment.

Since sentencing the parties and the probation officer have met and conferred repeatedly and extensively regarding restitution. Approximately a week ago, government counsel received from the case agents and forwarded to the defense and the probation officer an updated report and spreadsheet which provides additional details regarding original investment amounts, dates and amounts of potential restitution offsets, and proposed final restitution amounts for each of the victim-investors in the case. The government and defense in the last week have engaged in a meet and confer process regarding the updated report and spreadsheet. It is anticipated that this meet and confer process shall take an additional week, after which time it is the government's intention to attempt to notify each of the victim-investors directly regarding what the government considers the correct restitution amounts to be (including specifying their original investment amount and any restitution offsets), several weeks ahead of the proposed next restitution hearing date of April 24, 2013 in order to allow these victim-investors an opportunity to communicate any objections.

In light of the above, the government, defendant, and probation officer all jointly request

STIPULATION AND [PROPOSED] ORDER
CR 10-00562 LHK

that the restitution hearing in this matter be continued until April 24, 2013. The April 24, 2013 date proposed by the parties is outside the 90 day post-sentencing deadline for the determination of restitution put forward in 18 U.S.C. § 3664(d)(5). (The 90th day after sentencing would be Tuesday, March 5, 2013). However, both the Supreme Court and the Ninth Circuit have both ruled that the 90 day limit on the determination of victims losses in 18 U.S.C. § 3664(d)(5) is procedural rather than jurisdictional, and that a district court judge still has the power to impose a restitution award more than 90 days after sentencing. See <u>Dolan v. United States</u>, 130 S.Ct. 2533 (2010); <u>United States v. Moreland</u>. 622 F.3d 1147, 1172 (9th Cir, 2010). Furthermore, the defendant is stipulating a continuance beyond the 90 days deadline is appropriate and agrees not to raise any challenge to his restitution order based on that deadline.

In light of the above, the parties agree, and the Court finds and holds, as follows:

1. The current April 3, 2013 restitution hearing date is hereby vacated.

2. This matter is set for a hearing for determination of restitution for April 24, 2013 at 9 a.m.

SO STIPULATED:

DATED: 3/25/13

/s/
JEANE DEKELVER
Defense Counsel

DATED: 3/25/13

/s/
JOSEPH FAZIOLI
Assistant United States Attorney

IT IS SO ORDERED.
DATED: 3/25/13

*Lucy H. Koh*
LUCY H. KOH
UNITED STATES DISTRICT JUDGE

STIPULATION AND [PROPOSED] ORDER
CR 10-00562 LHK