1   MELINDA L. HAAG (CABN 132612)
United States Attorney
2
MIRANDA KANE (CABN 150630)
3   Chief, Criminal Division

4   JOSEPH FAZIOLI (ILBN 6273413)
Assistant United States Attorney
5
    150 Almaden Boulevard, Suite 900
6   San Jose, California 95113
    Telephone: (408) 535-5595
7   Facsimile: (408) 535-5066
    joseph.fazioli@usdoj.gov
8
Attorneys for the United States
9

10              UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA

12                    SAN JOSE DIVISION

13

14  _____   )   No. CR 10-00562 LHK
                                       )
15  UNITED STATES OF AMERICA,          )
                                       )   STATUS REPORT, STIPULATION AND
16          Plaintiff,                 )   [PROPOSED] ORDER REGARDING
                                       )   RESTITUTION
17      v.                             )
                                       )
18  THOMAS JOSEPH O'MEARA,             )
                                       )
19          Defendant.                 )
    _____   )

20          The parties hereby submit the following status report and stipulation regarding the

21  amount of restitution that should be paid to victims in the above-captioned case:

22          1.      The defendant's offense conduct related to over 50 victim-investors who invested

23  over $18 million in his golf course development project.  On December 5, 2012, this Court

24  sentenced defendant to 78 months imprisonment and left open the issue of restitution, because

25  the parties and the Probation Office had not yet determined the amount of restitution owed to

26  particular victims.  (PACER CR 72).  At the December 5, 2012 sentencing hearing, the parties

27  discussed how the defendant may be entitled to an offset in restitution for particular victim-

28  investors based upon payments (either in the form of interest payments, repayment of principal,

1   or interest in secured property) he and his affiliated entities made to those investors.  Those

2   payments could be consisted an offset against restitution for which the defendant should receive

3   credit, thus resulting an restitution award for particular victim-investors that would be lower than

4   the amount of their original investment.

5         2.    On December 11, 2012, this Court issued a judgment which stated that the

6   defendant must pay restitution in an amount to be determined, that the determination of

7   restitution was deferred until February 6, 2013, and that an amended judgment in a criminal case

8   would be entered after such determination.  (CR 73).  At the joint request of the government, the

9   defense, and the probation officer, this Court twice by stipulation continued the restitution

10   hearing to the current hearing date of April 24, 2013.  (CR 76, 77, 80, 81).

11         3.    Since the December 2012 sentencing the parties and the probation officer have

12   met and conferred repeatedly and extensively regarding restitution.  Counsel for the government,

13   government case agents, defense counsel, and the probation officer have reviewed information

14   gathered over the course of the investigation (such as financial records, FBI-302 reports, and

15   public property records) as well as victim impact statements to determine what is the appropriate

16   amount of restitution the defendant owes to each victim-investor.  As part of this process, the

17   government case agents reviewed financial records and individual checks (previously provided

18   in discovery) which documented payments from the defendant and his affiliate entities to each of

19   these victim-investors.  Afterwards the government created and distributed to the defense and the

20   probation officer a detailing spreadsheet summarizing the original investment amounts and

21   payments made to each investors.  After extensive back and forth (including additional contacts

22   with victim-investors where necessary), the government, defense, and the probation officer were

23   able to reach agreement as to the correct restitution amount for each of the 50+ victim-investors.

24         4.    After the parties had completed their meet and confer process and came to a

25   consensus, the government attempted to notify each of the victim-investors directly regarding

26   what the parties and the probation officer had determined to be their correct restitution amounts

27   (including specifying the victim-investor's original investment amount as well as any payments

28   they received from the defendant which would reduce their restitution award) in order to allow

those victim-investors an opportunity to communicate any objections.  To the extent that victim-investors communicated objections or concerns regarding the proposed restitution figures, the government and probation officer have attempted to resolve those objections and to address their concerns.

5.      Accordingly, the parties and the probation officer now stipulate and agree that an order of restitution is both permitted under the law and appropriate under the facts of this case.  The parties and the probation officer stipulate that the total amount in restitution defendant Thomas O'Meara owes is **$15,005,231.54**.  The parties and the probation officer also stipulate that the following individuals are owed the following amounts:

| Name | Restitution |
| --- | --- |
| Angel, Mark | $292,500.00 |
| Chen, Shun | $400,000.00 |
| Chen, Xiu Yi | $102,800.00 |
| Chow, Ruby and Lila | $104,400.00 |
| Chui, Ning | $291,600.00 |
| Chui, Sui Lueng and Yall Kawan | $108,400.00 |
| Coppernoll, Margaret | $202,000.00 |
| Deukmejian, Lucy | $69,403.95 |
| Do, Singh and Mai H. Tu Do | $9,205.20 |
| Doherty, Bill and Juandeen | $199,375.00 |
| Doherty, Philip and Mary | $100,000.00 |
| Doherty, Robert and Marie | $100,000.00 |
| Dovolis, Melene | $658,100.70 |
| Ford, Chan and Sandy | $100,000.00 |
| Garfield, Liz | $20,000.00 |
| German, Richard & Holly | $855,332.17 |
| Graham, Bryan | $152,000.00 |
| Guerena, David Guerena and Rose Joyce | $732,647.68 |
| Hill, John and Mattie | $50,000.00 |

| James, Ken | $125,000.00 |
| Joyce, Tom and Rose | $1,406,953.00 |
| Kahanowitch, David | $200,000.00 |
| Kelley, Harlan and Shelly | $385,000.00 |
| Lauren, Christian and Tammy | $187,832.00 |
| Lauren, Joselyn | $25,000.00 |
| Lauren, Patricia | $83,250.00 |
| Ledgerwood, Paul and Liny | $122,700.00 |
| Marchiando, Charlotte | $155,000.00 |
| Mizner, Keith and Yvonne | $256,000.00 |
| Mosley, Edward Marian | $100,000.00 |
| Nakagawa, Ben | $846,246.50 |
| Northcross, Kent and Nancy | $1,977,945.70 |
| Pope, Marilyn | $186,505.00 |
| Rader, Scott and Shelley | $145,000.00 |
| Riddell, Mathew S. | $240,000.00 |
| Rothenfluh, John | $267,000.00 |
| Sabin, Todd | $200,000.00 |
| Sahota, Paul and Suki | $250,000.00 |
| Sanico, Eric | $94,375.00 |
| Sanico, Paul | $73,750.00 |
| Scampa, Joyce and Bruce Graham | $582,543.10 |
| Scampa, Melena | $180,643.12 |
| Scott, Paul | $60,000.00 |
| Scott, Tyson | $105,222.00 |
| Sheller, Beverly | $247,500.00 |
| Smith, Art | $82,999.99 |
| Sotero, Ben and Kathleen | $1,099,744.78 |
| Ta, Andy | $50,000.00 |
| Vigen, Gary and Sara | $267,356.65 |
| Vitalich, Vince | $30,000.00 |

| Wang, Su-Ping | $98,800.00 |
| Wong, Simon and Susanna | $224,700.00 |
| Wu-Ci, Ruby | $100,400.00 |
| **Total** | **$15,005,231.54** |

6.     The government will file separately and submit under seal a spreadsheet that sets forth each victim's mailing address, and where available, telephone number and e-mail address.

7.     The parties further stipulate and agree that beginning 30 days after his release from the custody of the Bureau of Prisons, defendant Thomas O'Meara will make monthly restitution payments in an amount to be set by the Probation Office, but in no event less than $500 per month.

8.     The amended judgment should reflect each victim's name and the corresponding amount of restitution to be paid to that victim.  The amended judgment should also direct the defendant to pay restitution to the Clerk of the Court.  The Court should order the Clerk to disburse all funds received to the addresses set forth for each victim in the under seal pleadings.

9.     The current April 24, 2013 restitution hearing date is outside the 90 day post-sentencing deadline for the determination of restitution put forward in 18 U.S.C. § 3664(d)(5). (The 90th day after sentencing was be Tuesday, March 5, 2013).  However, both the Supreme Court and the Ninth Circuit have both ruled that the 90 day limit on the determination of victims losses in 18 U.S.C. § 3664(d)(5) is procedural rather than jurisdictional, and that a district court judge still has the power to impose a restitution award more than 90 days after sentencing.  See Dolan v. United States, 130 S.Ct. 2533 (2010); United States v. Moreland.  622 F.3d 1147, 1172 (9th Cir, 2010).  The parties stipulate and agree that a continuance beyond the 90 days deadline was appropriate and the defendant agrees not to raise any challenge to his restitution order based on that deadline.

10.     The defendant will not be present at the April 24, 2013 restitution hearing as he is currently serving his sentence at a Bureau of Prison facility and the defense had previously requested that his presence be excused.  (CR 78, 79).  The parties stipulate and agree that the

1  defendant's presence is not required at the April 24, 2013 restitution hearing and the defendant

2  agrees not to raise any challenge to his restitution order based on his not being present at that

3  hearing.

4

5  SO STIPULATED:

6  DATED:_____4/23/13_____          _____/s/_____
                                          JEANE DEKELVER
7                                         Defense Counsel

8

9  DATED:_____4/23/13_____          _____/s/_____
                                          JOSEPH FAZIOLI
10                                        Assistant United States Attorney

11 IT IS SO ORDERED.

12 DATED:____4/24/13_____

13                                        LUCY H. KOH
                                          UNITED STATES DISTRICT JUDGE

STIPULATION AND [PROPOSED] ORDER
CR 10-00562 LHK                    6