## Date of Original Judgment: 12/11/12

(Or Date of Last Amended Judgment)

### Reason for Amendment:

[ ] Correction of Sentence on Remand (Fed.R.Crim.P.35(a))
[ ] Reduction of Sentence for Changed Circumstances (Fed. R.Crim.P.35(b))
[ ] Correction of Sentence by Sentencing Court (Fed.R.Crim.P.35(c))
[ ] Correction of Sentence for Clerical Mistake (Fed.R.Crim.P.36)

[ ] Modification of Supervision Conditions (18 U.S.C § 3563(c) or 3583(e))
[ ] Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. §3582(c)(1))
[ ] Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
[x] Direct Motion to District Court Pursuant to [ ] 28 U.S.C. § 2255,
[ ] 18 U.S.C. § 3559(c)(7), or [x] Modification of Restitution Order

# United States District Court
## Northern District of California

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| THOMAS JOSEPH O'MEARA | USDC Case Number: CR-10-00562-001 LHK |
| | BOP Case Number: DCAN510CR000562-001 |
| | USM Number: 13425-111 |
| | Defendant's Attorney: Jeane DeKelver (Appointed) |



Filed
APR 2 6 2013
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

**THE DEFENDANT:**
[x]   pleaded guilty to counts: Fifteen and Thirty of the Indictment.
[ ]   pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ]   was found guilty on count(s) ___ after a plea of not guilty.
The defendant is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud | September 6, 2006 | Fifteen |
| 18 U.S.C. § 1957 | Money Laundering | March 2, 2006 | Thirty |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.
[ ]   The defendant has been found not guilty on count(s) ___.

[x]   Counts 1 through 14; 16 through 29; and 31 and 32 of the Indictment are dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of any material changes in economic circumstances.

December 5, 2012
Date of Imposition of Judgment

_Lucy H. Koh_
Signature of Judicial Officer

Honorable Lucy H. Koh, U. S. District Judge
Name & Title of Judicial Officer

4/26/13
Date

DEFENDANT: THOMAS JOSEPH O'MEARA  
CASE NUMBER: CR-10-00562-001 LHK

Judgment - Page 2 of 7

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 78 months. This term consists of 78 months on Count Fifteen and 78 months on Count Thirty, all such counts to run concurrently.

[x] The Court makes the following recommendations to the Bureau of Prisons:
   The Court recommends that the defendant be designated to FCI Terminal Island or a facility close to Palm Desert, California, in order to facilitate family visitation.

[x] The defendant is remanded to the custody of the United States Marshal. The appearance bond is hereby exonerated.

[ ] The defendant shall surrender to the United States Marshal for this district.

   [ ] at ___ [ ] am [ ] pm on ___.
   [ ] as notified by the United States Marshal.

   The appearance bond shall be deemed exonerated upon the surrender of the defendant.

[ ] The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   [ ] before 2:00 pm on ___.
   [ ] as notified by the United States Marshal.
   [ ] as notified by the Probation or Pretrial Services Office.

   The appearance bond shall be deemed exonerated upon the surrender of the defendant.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on_____ to _____

at _____, with a certified copy of this judgment.

_____  
UNITED STATES MARSHAL

By _____  
Deputy United States Marshal

DEFENDANT:       THOMAS JOSEPH O'MEARA                                        Judgment - Page 3 of 7
CASE NUMBER:     CR-10-00562-001 LHK

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years. This term consists of three years on Count Fifteen and three years on Count Thirty, all such terms to be served concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and two periodic drug tests thereafter.

- [x] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check if applicable.)
- [x] The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check if applicable.)
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions in this judgment.

## STANDARD CONDITIONS

1) The defendant shall not leave the judicial district without permission of the court or probation officer;
2) The defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) The defendant shall support his or her dependants and meet other family responsibilities;
5) The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court; and
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:        THOMAS JOSEPH O'MEARA                                    Judgment - Page 4 of 7
CASE NUMBER:      CR-10-00562-001 LHK

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall pay any restitution and special assessment that is imposed by this judgment and that remains unpaid at the commencement of the term of supervised release.

2. The defendant shall provide the probation officer with access to any financial information, including tax returns, and shall authorize the probation officer to conduct credit checks and obtain copies of income tax returns.

3. The defendant shall not open any new lines of credit and/or incur new debt without the prior permission of the probation officer.

4. The defendant shall not maintain a position of fiduciary capacity without the prior permission of the probation officer.

5. The defendant shall not be employed in any capacity in which he is involved in the mortgage lending industry or the investment industry without the prior approval of the probation officer.

6. The defendant shall submit his person, residence, office, vehicle, or any property under his control to a search. Such a search shall be conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to such a search may be grounds for revocation; the defendant shall warn any residents that the premises may be subject to searches.

7. The defendant shall have no contact with the victims, unless otherwise directed by the probation officer.

8. The defendant shall not own or possess any firearms, ammunition, destructive devices, or other dangerous weapons.

9. The defendant shall cooperate in the collection of DNA as directed by the probation officer.

| DEFENDANT: | THOMAS JOSEPH O'MEARA | Judgment - Page 5 of 7 |
|---|---|---|
| CASE NUMBER: | CR-10-00562-001 LHK | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $200 | Waived | To be determined |

[ ] The determination of restitution is deferred until February 6, 2013. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[x] The defendant shall make restitution (including community restitution) to the following payees in the amount listed below. The defendant shall make all payments directly to the U.S. District Court Clerk's Office who will disburse payments to the payee.

If the defendant makes a partial payment, each payee shall receive an approximately proportional payment unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Please see attached Stipulation and Order Regarding Restitution (Docket #82 filed 4/24/13) | $15,005,231.54 | $15,005,231.54 | |
| Totals: | $ _ | $ _ | |

[ ] Restitution amount ordered pursuant to plea agreement $ _

[ ] The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6, may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ] The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

  [ ] the interest requirement is waived for the   [ ] fine   [ ] restitution.

  [ ] the interest requirement for the   [ ] fine   [ ] restitution is modified as follows:

---

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: THOMAS JOSEPH O'MEARA  
CASE NUMBER: CR-10-00562-001 LHK  
Judgment - Page 6 of 7

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A [x] Lump sum payment of $200 (for special assessment, restitution to be determined at a later date) due immediately, balance due

    [ ] not later than ____, or

    [x] in accordance with ( ) C, ( ) D, ( ) E, ( ) F (x) G or ( ) H below; or

B [ ] Payment to begin immediately (may be combined with ( ) C, ( ) D, or ( ) F below); or

C [ ] Payment in equal ____ (e.g. weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D [ ] Payment in equal ____ (e.g. weekly, monthly, quarterly) installments of $ _ over a period of __ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E [ ] Payment during the term of supervised release will commence within (e,g, 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F [ ] Special instructions regarding the payment of criminal monetary penalties:


G. [x] In Custody special instructions:

Payment of criminal monetary penalties is due during imprisonment at the rate of not less than $25.00 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102

H. [ ] Out of Custody special instructions:

It is further ordered that the defendant shall pay to the United States a special assessment of $ and a fine of $ which shall be due immediately. If incarcerated, payment of criminal monetary payment is due during imprisonment and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, 450 Golden Gate Ave., Box 36060, San Francisco, CA 94102.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT:     THOMAS JOSEPH O'MEARA                           Judgment - Page 7 of 7
CASE NUMBER:   CR-10-00562-001 LHK

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ]   Joint and Several

| Defendant and co-defendant Names | Case Numbers (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee (if appropriate) |
|---|---|---|---|---|
|   |   |   |   |   |

[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):

[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:

[ ]   The Court gives notice that this case involves other defendants who may be held jointly and severally liable for payment of all or part of the restitution ordered herein and may order such payment in the future, **but such future orders do not affect this defendant's responsibility for the full amount of the restitution ordered.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

1  MELINDA L. HAAG (CABN 132612)
   United States Attorney
2
   MIRANDA KANE (CABN 150630)
3  Chief, Criminal Division

4  JOSEPH FAZIOLI (ILBN 6273413)
   Assistant United States Attorney
5
       150 Almaden Boulevard, Suite 900
6      San Jose, California 95113
       Telephone: (408) 535-5595
7      Facsimile: (408) 535-5066
       joseph.fazioli@usdoj.gov
8
   Attorneys for the United States
9

10                    UNITED STATES DISTRICT COURT

11                   NORTHERN DISTRICT OF CALIFORNIA

12                          SAN JOSE DIVISION

13

14  ─────────────────────────────   )
                                    )   No. CR 10-00562 LHK
15  UNITED STATES OF AMERICA,       )
                                    )   STATUS REPORT, STIPULATION AND
         Plaintiff,                 )   [PROPOSED] ORDER REGARDING
16                                  )   RESTITUTION
         v.                         )
17                                  )
                                    )
18  THOMAS JOSEPH O'MEARA,          )
                                    )
         Defendant.                 )
19  ─────────────────────────────   )

20       The parties hereby submit the following status report and stipulation regarding the

21  amount of restitution that should be paid to victims in the above-captioned case:

22       1.    The defendant's offense conduct related to over 50 victim-investors who invested

23  over $18 million in his golf course development project. On December 5, 2012, this Court

24  sentenced defendant to 78 months imprisonment and left open the issue of restitution, because

25  the parties and the Probation Office had not yet determined the amount of restitution owed to

26  particular victims. (PACER CR 72). At the December 5, 2012 sentencing hearing, the parties

27  discussed how the defendant may be entitled to an offset in restitution for particular victim-

28  investors based upon payments (either in the form of interest payments, repayment of principal,

STIPULATION AND [PROPOSED] ORDER
CR 10-00562 LHK                          1

1 | or interest in secured property) he and his affiliated entities made to those investors. Those
2 | payments could be consisted an offset against restitution for which the defendant should receive
3 | credit, thus resulting an restitution award for particular victim-investors that would be lower than
4 | the amount of their original investment.

5 |     2.    On December 11, 2012, this Court issued a judgment which stated that the
6 | defendant must pay restitution in an amount to be determined, that the determination of
7 | restitution was deferred until February 6, 2013, and that an amended judgment in a criminal case
8 | would be entered after such determination. (CR 73). At the joint request of the government, the
9 | defense, and the probation officer, this Court twice by stipulation continued the restitution
10 | hearing to the current hearing date of April 24, 2013. (CR 76, 77, 80, 81).

11 |     3.    Since the December 2012 sentencing the parties and the probation officer have
12 | met and conferred repeatedly and extensively regarding restitution. Counsel for the government,
13 | government case agents, defense counsel, and the probation officer have reviewed information
14 | gathered over the course of the investigation (such as financial records, FBI-302 reports, and
15 | public property records) as well as victim impact statements to determine what is the appropriate
16 | amount of restitution the defendant owes to each victim-investor. As part of this process, the
17 | government case agents reviewed financial records and individual checks (previously provided
18 | in discovery) which documented payments from the defendant and his affiliate entities to each of
19 | these victim-investors. Afterwards the government created and distributed to the defense and the
20 | probation officer a detailing spreadsheet summarizing the original investment amounts and
21 | payments made to each investors. After extensive back and forth (including additional contacts
22 | with victim-investors where necessary), the government, defense, and the probation officer were
23 | able to reach agreement as to the correct restitution amount for each of the 50+ victim-investors.

24 |     4.    After the parties had completed their meet and confer process and came to a
25 | consensus, the government attempted to notify each of the victim-investors directly regarding
26 | what the parties and the probation officer had determined to be their correct restitution amounts
27 | (including specifying the victim-investor's original investment amount as well as any payments
28 | they received from the defendant which would reduce their restitution award) in order to allow

STIPULATION AND [~~PROPOSED~~] ORDER
CR 10-00562 LHK                                    2

1  those victim-investors an opportunity to communicate any objections. To the extent that victim-
2  investors communicated objections or concerns regarding the proposed restitution figures, the
3  government and probation officer have attempted to resolve those objections and to address their
4  concerns.
5      5.    Accordingly, the parties and the probation officer now stipulate and agree that
6  an order of restitution is both permitted under the law and appropriate under the facts of this
7  case. The parties and the probation officer stipulate that the total amount in restitution defendant
8  Thomas O'Meara owes is **$15,005,231.54**. The parties and the probation officer also stipulate
9  that the following individuals are owed the following amounts:

| Name | Restitution |
| --- | --- |
| Angel, Mark | $292,500.00 |
| Chen, Shun | $400,000.00 |
| Chen, Xiu Yi | $102,800.00 |
| Chow, Ruby and Lila | $104,400.00 |
| Chui, Ning | $291,600.00 |
| Chui, Sui Lueng and Yall Kawan | $108,400.00 |
| Coppernoll, Margaret | $202,000.00 |
| Deukmejian, Lucy | $69,403.95 |
| Do, Singh and Mai H. Tu Do | $9,205.20 |
| Doherty, Bill and Juandeen | $199,375.00 |
| Doherty, Philip and Mary | $100,000.00 |
| Doherty, Robert and Marie | $100,000.00 |
| Dovolis, Melene | $658,100.70 |
| Ford, Chan and Sandy | $100,000.00 |
| Garfield, Liz | $20,000.00 |
| German, Richard & Holly | $855,332.17 |
| Graham, Bryan | $152,000.00 |
| Guerena, David Guerena and Rose Joyce | $732,647.68 |
| Hill, John and Mattie | $50,000.00 |

| | | |
|---|---|---|
| 1 | James, Ken | $125,000.00 |
| 2 | Joyce, Tom and Rose | $1,406,953.00 |
| 3 | Kahanowitch, David | $200,000.00 |
| 4 | Kelley, Harlan and Shelly | $385,000.00 |
| 5 | Lauren, Christian and Tammy | $187,832.00 |
| 6 | Lauren, Joselyn | $25,000.00 |
| 7 | Lauren, Patricia | $83,250.00 |
| 8 | Ledgerwood, Paul and Liny | $122,700.00 |
| 9 | Marchiando, Charlotte | $155,000.00 |
| 10 | Mizner, Keith and Yvonne | $256,000.00 |
| 11 | Mosley, Edward Marian | $100,000.00 |
| 12 | Nakagawa, Ben | $846,246.50 |
| 13 | Northcross, Kent and Nancy | $1,977,945.70 |
| 14 | Pope, Marilyn | $186,505.00 |
| 15 | Rader, Scott and Shelley | $145,000.00 |
| 16 | Riddell, Mathew S. | $240,000.00 |
| 17 | Rothenfluh, John | $267,000.00 |
| 18 | Sabin, Todd | $200,000.00 |
| 19 | Sahota, Paul and Suki | $250,000.00 |
| 20 | Sanico, Eric | $94,375.00 |
| 21 | Sanico, Paul | $73,750.00 |
| 22 | Scampa, Joyce and Bruce Graham | $582,543.10 |
| 23 | Scampa, Melena | $180,643.12 |
| 24 | Scott, Paul | $60,000.00 |
| 25 | Scott, Tyson | $105,222.00 |
| 26 | Sheller, Beverly | $247,500.00 |
| 27 | Smith, Art | $82,999.99 |
| 28 | Sotero, Ben and Kathleen | $1,099,744.78 |
| | Ta, Andy | $50,000.00 |
| | Vigen, Gary and Sara | $267,356.65 |
| | Vitalich, Vince | $30,000.00 |

STIPULATION AND [PROPOSED] ORDER
CR 10-00562 LHK                             4

| Wang, Su-Ping | $98,800.00 |
| Wong, Simon and Susanna | $224,700.00 |
| Wu-Ci, Ruby | $100,400.00 |
| **Total** | **$15,005,231.54** |

6. The government will file separately and submit under seal a spreadsheet that sets forth each victim's mailing address, and where available, telephone number and e-mail address.

7. The parties further stipulate and agree that beginning 30 days after his release from the custody of the Bureau of Prisons, defendant Thomas O'Meara will make monthly restitution payments in an amount to be set by the Probation Office, but in no event less than $500 per month.

8. The amended judgment should reflect each victim's name and the corresponding amount of restitution to be paid to that victim. The amended judgment should also direct the defendant to pay restitution to the Clerk of the Court. The Court should order the Clerk to disburse all funds received to the addresses set forth for each victim in the under seal pleadings.

9. The current April 24, 2013 restitution hearing date is outside the 90 day post-sentencing deadline for the determination of restitution put forward in 18 U.S.C. § 3664(d)(5). (The 90th day after sentencing was be Tuesday, March 5, 2013). However, both the Supreme Court and the Ninth Circuit have both ruled that the 90 day limit on the determination of victims losses in 18 U.S.C. § 3664(d)(5) is procedural rather than jurisdictional, and that a district court judge still has the power to impose a restitution award more than 90 days after sentencing. See Dolan v. United States, 130 S.Ct. 2533 (2010); United States v. Moreland. 622 F.3d 1147, 1172 (9th Cir, 2010). The parties stipulate and agree that a continuance beyond the 90 days deadline was appropriate and the defendant agrees not to raise any challenge to his restitution order based on that deadline.

10. The defendant will not be present at the April 24, 2013 restitution hearing as he is currently serving his sentence at a Bureau of Prison facility and the defense had previously requested that his presence be excused. (CR 78, 79). The parties stipulate and agree that the

1  defendant's presence is not required at the April 24, 2013 restitution hearing and the defendant
2  agrees not to raise any challenge to his restitution order based on his not being present at that
3  hearing.

5  SO STIPULATED:

6  DATED:___4/23/13_____         _____/s/_____
7                                       JEANE DEKELVER
                                        Defense Counsel

9  DATED:___4/23/13_____         _____/s/_____
10                                      JOSEPH FAZIOLI
                                        Assistant United States Attorney

11 IT IS SO ORDERED.

12 DATED: 4/24/13

                                        *Lucy H. Koh* (signature)
                                        LUCY H. KOH
                                        UNITED STATES DISTRICT JUDGE

STIPULATION AND [PROPOSED] ORDER
CR 10-00562 LHK                          6